IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiffs,<br><br>vs.<br><br>VILMA E. FERNANDEZ,<br><br>        Defendants. | 4:15CR3027<br><br>**ORDER** |

    Defendant Fernandez has filed a notice of intent to introduce the expert testimony of Dr. Stanley Carlock, a psychologist from Lincoln, Nebraska, who states Defendant "is trusting and easily intimidated and manipulated," and suffers from "depression, excessive anxiety, sleep disturbance, and emotional trauma arising from an on-the-job injury, as well as borderline intellectual functioning and the effects of prescribed medication." (Filing No. 166). The government has moved for an order directing Defendant to make herself available for an independent examination by an expert designated by the United States. (Filing No. 167). The defendant has not responded to the motion and the deadline for doing so has passed. The motion is deemed unopposed.

    Accordingly,

    IT IS ORDERED:

    1)    The government's motion, (Filing No. 167), is granted.

    2)    Defendant Fernandez shall make herself available for examination by the government's designated expert, at a date, time, and place convenient to the parties.

2) The statements made by Defendant Fernandez in the course of the examination, and any expert testimony or other evidence based on or arising from those statements, shall not be admitted into evidence against this defendant in any criminal proceeding except: 1) on an issue regarding Defendant's mental condition, <u>and</u> 2) after the defendant has introduced evidence of incompetency or evidence requiring notice under Rule 12.2(a) or (b)(1).

3) On or before October 21, 2015, Defendant Fernandez shall disclose to the government a written summary or the expert testimony she intends to use at trial on the issue of her mental condition, (including Dr. Stanley Carlock's opinions; the basis and reasons for those opinions; a listing of the medical, mental health, and scientific testing he performed on Defendant; and expert witness' qualifications).

4) Within seven days after the government's expert examines Defendant Fernandez, the government shall disclose to Defendant Fernandez' counsel a written summary of any expert testimony the United States intends to use at trial on the issue of Defendant Fernandez' mental condition (including the expert witness' opinions; the basis and reasons for those opinions; a listing of the medical, mental health, and scientific testing performed on Defendant; and expert witness' qualifications), along with a copy of the results and reports of the examination conducted by the government's expert as to Defendant's mental condition.

5) Within three days after receiving a copy of the opinion summary and the results and reports of the examination conducted by the government's expert as to Defendant's mental condition, Defendant Fernandez shall disclose the results and reports of Defendant's expert examination to counsel for the United States.

6) A status conference before the undersigned magistrate judge will be held in Courtroom 2, Robert V. Denney Federal Building, 100 Centennial Mall North, Lincoln, Nebraska on November 17, 2015 at 3:00 p.m. to discuss the progress in completing the mental health examination, discovery, and disclosures required under this order. Defendant Fernandez, her counsel, and counsel for the government shall appear at the hearing.

7) Based upon the representations of counsel regarding the ongoing inquiry as to Defendant Fernandez' mental state, the Court further finds that the ends of justice will be served by further delaying the scheduling of trial; and those purposes outweigh the interest of the defendant and the public in a speedy trial. Accordingly, the time between today's date and November 17, 2015, shall be deemed excludable time in any computation of time under the requirements of the Speedy Trial Act, because although counsel have been diligent, additional time is needed to adequately prepare this case for trial and failing to grant additional time might result in a miscarriage of justice. 18 U.S.C. § 3161(h)(1) & (h)(7).

October 14, 2015.

BY THE COURT:

*s/ Cheryl R. Zwart*
United States Magistrate Judge